IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TOMMY RADFORD                                                                              PLAINTIFF

v.                                    Civil No. 1:15-cv-01013-SOH-BAB

BEN OPELT, *et al*                                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff Tommy Radford pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

While Plaintiff was previously granted permission to proceed *in forma pauperis* (ECF No. 3), this case is before me for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.  Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff, being well aware of the requirements of the PLRA, has also filed an "Declaration of Imminent Harm" (ECF No. 5) in an effort to avoid application of the three-strikes rule of the PLRA.  For purposes of this Report and Recommendation, I have reviewed both the Complaint and the Declaration.

1.      DISCUSSION

Plaintiff is currently incarcerated in the Ouachita County Detention Center ("OCDC") in Camden, Arkansas.

>Under the terms of the PLRA:
>
>In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has accumulated more than three strikes in cases filed in this district and the Eastern District of Arkansas. *See e.g.*, *Radford v. Tollister, et al,* Civil No. 1:13-cv-1073 (W.D. Ark. September 9, 2014); *Radford v. Lucas, et al.,* Civil No. 1:07-cv-01033 (W.D. Ark. May 30, 2007); *Radford v. Wiley*, Civil No. 4:06-cv-00819 (E.D. Ark. July 25, 2006); *Radford v. Gonder, et al.,* Civil No. 5:04-cv-00273 (E.D. Ark. Oct. 4, 2004); and *Radford v. Evans, et al.,* Civil No. 5:03-cv-00164 (E.D. Ark. July 21, 2003). Therefore, in order to overcome section 1915(g), Plaintiff must show the Court he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (an inmate with three prior strikes under section 1915(g) may be eligible to proceed IFP if he can show he is in imminent danger at the time of filing his Complaint).

It is clear from his experience in the Eastern District of Arkansas as well as his previous cases in this district, including as recently as the September 9, 2014 Order in Civil No. 1:13-cv-1073, Plaintiff is aware that he has more than the three strikes that trigger the bar of section 1915(g). This is evidenced by Plaintiff's multiple claims of "imminent danger" in his Complaint and Declaration.

I have considered Plaintiff's Complaint and Declaration of Imminent Harm. He makes the following claims of imminent harm justifying application of the exception to the three strikes rule.

2

First, he alleges he was shot by a James Ray Neal on June 3, 2013. He asserts Neal was sentenced to a fifteen year term of imprisonment for this attack. He claims Neal is now a trustee at the OCDC, where Plaintiff is housed. He asserts Neal has threatened to put poison in Plaintiff's food at the jail. He claims there is a likelihood he will be attacked by Neal again, but he offers no explanation for this "likelihood." ECF No. 1, p. 16-17.

Next, Plaintiff claims Defendant Larhonda Moore threatened to make sure he was convicted on false charges. He further alleges Defendant Moore wishes Neal had actually killed Plaintiff in June 2013. ECF No. 1, p. 17-18.

He generally alleges all of the named defendants are in "cahoots" against him as evidenced by the amount of his bail and discrimination against him. He claims other detainees with similar charges were given significantly lower bail by the state court. ECF No. 1, p. 18-19.

Plaintiff next alleges he was "locked down" for three weeks without a hearing and was intentionally housed with Arkansas Department of Corrections (ADC) inmates while he was awaiting trial. He claims he was attacked by the inmates in October 2013. After release from medical care, he claims he was placed back with ADC inmates in November 2013. He claims he is still housed with "known ADC enemies and known attacker James Ray Neal." ECF No. 1, p. 20-22. All of these claims were previously made in the last complaint Plaintiff filed with this Court, Civil No. 1:13-cv-1073, which was dismissed on January 14, 2014.

Finally, he claims that on January 14, 2014, one of his "known enemies" placed a razor blade in his food causing him serious injuries. ECF No. 1, p. 21-22.

In is Declaration of Imminent Harm (ECF No. 5), Plaintiff simply re-alleges some of the claims in his Complaint. He also attaches two affidavits from fellow inmate, one states inmate

3

Neal attempted to kill Plaintiff in 2013, the other states inmate Neal is indeed a trustee at the OCDC.

Mere "[a]llegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to [section] 1915(g) . . . ." *Ashley,* 147 F.3d at 717 ( the imminent danger exception was satisfied when an inmate alleged officials continued to house him with his known enemies despite two prior stabbings). Instead, the "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (general assertions that officials were trying to kill plaintiff by forcing him to work in extreme whether despite his medical condition were insufficient to trigger the imminent danger exception).

Plaintiff's claim of the Defendants being "in cahoots" fails as it does not amount to even the threat of imminent physical harm. The claims of excessive bail and law enforcement attempting to have him convicted for "false charges" can not be brought by Plaintiff through an *in forma pauperis* action.

While Plaintiff alleges he is in imminent danger and details past attacks other inmates while he was housed OCDC, Plaintiff wholly fails to allege or demonstrate he is in continuing and imminent danger. In fact, the last act of any sort which caused injury to Plaintiff was in January 2014, more than a year prior to his filing this lawsuit. The danger of physical injury must amount to more than fear that a physical attack could occur at some point in the future in order to invoke the exception to section 1915(g). *See Brown v. Johnson,* 387 F.3d 1344, 1349-50 (11th Cir. 2004) (plaintiff must present "specific fact allegations ... of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"); *see also Martin v. Shelton,* 319 F.3d 1048, 1050

(8th Cir. 2003) (the prisoner must allege specific factual allegations of ongoing serious physical injury to utilize the section 1915(g) exception). *Cf. Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (imminent danger exception was satisfied when plaintiff produced documentary evidence to support his allegations that prison officials continued to place the plaintiff near his known inmate enemies despite two prior stabbings).

Without specific allegations detailing the likelihood of future injury from attacks by these inmates, the Court cannot find Plaintiff is in imminent danger of any future attacks. Therefore, Plaintiff has not triggered the exception to section 1915(g).

**2.  CONCLUSION**

Accordingly, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice pursuant to the three strikes provision of the PLRA. 28 U.S.C. § 1915(g). Additionally, I recommend Plaintiff be instructed that he may file a motion to reopen upon payment of the filing fee.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **14th day of April 2015.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE